UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re | ) Bk. No. 10-13132 |
| | ) |
| EDIMARA TAVARES DE MELO, | ) Chapter 13 |
| | ) |
| Debtor. | ) OBJECTIONS TO PROPOSED |
| | ) AMENDED CHAPTER 13 PLAN |
| | ) AND CONFIRMATION THEREOF |
| | ) Confirmation Hearing - |
| | ) |
| | ) Date : |
| | ) Time : |
| | ) Place: U.S. Bankruptcy Court |
| | )         Boston, Massachusetts |

U.S. Bank, N.A., successor in interest to the FDIC as receiver for Downey Savings and Loan Association, F.A., secured creditor in the above-entitled Bankruptcy proceeding, its assignees and/or successors in interest, holds the first lien on the subject property generally described as **8 Gould Street, Stoneham, Massachusetts**, and hereby submits the following objections to the confirmation of that certain Chapter 13 Plan (the "Plan") proposed by Debtor:

## LACK OF ADEQUATE FUNDING

The Plan is not adequately funded. 11 U.S.C. §1325(a)(5)(B)(ii) requires full payment of the allowed claim of this objecting Secured Creditor. The Proof of Claim filed by this creditor establishes total pre-petition arrearages in the amount of $123,469.50, not $0.00 as provided for in the plan. Thus, the Plan does not provide adequate protection of this creditor's interests as required by 11 U.S.C. §361, and does not meet the "feasibility" requirement of 11 U.S.C. §1325(a)(6).

1

## FAILURE OF PLAN TO PROVIDE FOR THE MAINTENANCE OF POST-PETITION PAYMENTS

The Debtor's proposed Chapter 13 Plan fails to require the maintenance of the ongoing post-petition monthly payments as required by 11 U.S.C. § 1322(b)(5.

## NO PRE-PETITION ARREARS THROUGH PLAN

Secured Creditor objects to the Debtor's Chapter 13 plan as the Debtor is claiming that she applying for a Loan Modification with Secured Creditor and, therefore, did not account for the pre-petition arrears through the plan. Secured Creditor has already reviewed the loan for a modification and Debtor's request WAS denied on February 1, 2010 as she has insufficient income to support the modified payments.

## CONCLUSION

Any Chapter 13 Plan proposed by Debtor must provide for and eliminate the objections specified above in order to be feasible and to provide adequate protection to this objecting secured creditor. It is respectfully requested that confirmation of the Chapter 13 Plan as proposed by Debtor, be denied.

WHEREFORE, secured creditor prays as follows:

(1) That confirmation of the proposed Chapter 13 Plan be denied.

(2) For attorneys' fees and costs incurred herein.

(3) For dismissal of the Chapter 13 proceeding.

(4) For such other relief as this Court deems proper.

Dated:                                                  By: /s/ Paul Vozella
                                                        PAUL VOZELLA, ESQUIRE, BBO #511460
                                                        Local Counsel
                                                        16 Harvard Street
                                                        Worcester, Massachusetts 01609
                                                        (508) 753-5552

                                                        Prober & Raphael, A Law Corporation
                                                        P.O. Box 4365
                                                        Woodland Hills, CA 91365-4365
                                                        (818) 227-0100
                                                        F.040-1876

2

## SPECIAL NOTICE

### THE FOLLOWING NOTICE IS GIVEN TO YOU IN THE EVENT THAT THE FEDERAL FAIR DEBT COLLECTIONS ACT APPLIES TO THIS COMMUNICATION.

The following statement provides you with notice of certain rights, which you may have by law. Nothing in this statement modifies or changes the hearing date or response time specified in the attached documents or your need to take legal action to protect your rights in this matter. No provision of the following statement modifies or removes your need to comply with local rules concerning the attached documents.

### CONSUMER DISCLOSURE

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. Please be advised that if you notify U.S. Bank, N.A., successor in interest to the FDIC as receiver for Downey Savings and Loan Association, F.A.'s attorneys in writing within 30 days that all or a part of your obligation or judgment to U.S. Bank, N.A., successor in interest to the FDIC as receiver for Downey Savings and Loan Association, F.A. is disputed, then U.S. Bank, N.A., successor in interest to the FDIC as receiver for Downey Savings and Loan Association, F.A.'s attorneys will mail to you a written verification of the obligations or judgment and the amounts owed to U.S. Bank, N.A., successor in interest to the FDIC as receiver for Downey Savings and Loan Association, F.A. In addition and upon your written request within 30 days, you will be provided with the name and address of the original creditor, if different from the current creditor.

## CERTIFICATE OF SERVICE

I, Paul Vozella, Esquire, do hereby certify that I have served this day either electronically or by first-class mail, postage prepaid, a copy of the aforementioned Objections to Debtor's Proposed Chapter 13 Plan and Confirmation Thereof to:

Chapter 13 Trustee:
Carolyn Bankowski
P.O. Box 8250
Boston, MA 02114


U.S. Trustee
Thomas P. O'Neill Federal Building
10 Causeway Street, 11th Floor
Boston, MA 02222

Debtor's Counsel:
Carmenelisa Perez-Kudzma
Perez-Kudzma Law Office
66 Jericho Road
Weston, MA 02493
(978) 505-3333

Debtor:
Edimara Tavares De Melo
8 Gould St. #1
Stoneham, MA 02180


/s/ Paul Vozella
PAUL VOZELLA

DATED: